AUGUSTINE, Judge.
Plaintiffs Paulette Smith and Mildred Scott instituted this action for personal injury against Irvin L. Schwary following an automobile collision with the defendant on the approach to the Greater New Orleans Bridge. From a judgment awarding plaintiffs 15,940.0o,[1] the defendant appeals.
The issue in this case is simply whether the trial court committed error in finding that the cause of the accident was the defendant’s negligence. Since this is a factual dispute, our review of the trial court’s decision will be limited by the rules of Canter v. Koehring, 283 So.2d 716 (La.1973), that is, we will accord great deference to the trial court’s evaluation of the witnesses’ credibility and will leave the judgment intact unless we find manifest error as to the dispositive findings of fact.
As a threshold matter, we think the plaintiffs’ testimony, if believed, clearly established a prima facie case of negligence on the part of the defendant. As told by Paulette Smith, on July 17,1979, at approximately 9:40 p.m., she and a number of friends were travelling in Smith’s Ford Pinto towards New Orleans from the west bank of the Mississippi River. Smith was in the extreme left lane as she drove through the toll gates which stand near the foot of the Greater New Orleans Bridge. She continued in that lane at approximately thirty-five miles per hour for a distance of approximately two hundred and fifty feet, when she was struck from the rear by another vehicle driven by the defendant. The impact was severe enough to cause her to momentarily lose control of her car; she swerved into the right lane and nearly collided with another automobile, finally bringing her car to a stop in the left lane a few feet ahead of the defendant’s Chevrolet van. When the plaintiff emerged from her car to survey the damage, she was approached by a Mississippi River Bridge policeman who tendered delivery of her rear bumper, which had been knocked off by the impact.
The similar testimony of Mildred Scott, one of Smith’s passengers, corroborated the significant details of the incident, principally, that the Pinto was struck from behind while travelling in the extreme left lane.
Mark Porche, the policeman who retrieved Smith’s bumper, testified that the plaintiff’s vehicle was damaged in the rear. He noted no damage to Schwary’s van except that its rear bumper apparently had been bent away from the body of the vehicle. There was no proof, however, as to whether the damage to Schwary’s bumper was sustained in the accident or in an earlier mishap.
Having established a rear-end collision — and therefore a prima facie case of negligence on the part of defendant Schwary — the burden shifted to the defendant exculpate himself by proving his lack of negligence. Eubanks v. Brasseal, 310 So.2d 550 (La.1975). The trial court concluded that defendant Schwary failed to discharge that burden. We agree.
Irvin Schwary testified that shortly after driving through the bridge toll booth located in the extreme left lane, travelling about twenty miles per hour, his van was approached at an angle from the right rear by plaintiff’s Pinto. Seeing that a collision *238 was imminent, Schwary said, he simultaneously jammed the brakes .and swerved to the left, stopping his vehicle within a car length. The' defendant stated that during the course of these evasive maneuvers, he felt a jolt and heard metal hit the pavement. He contends, of course, that the plaintiffs vehicle struck him — from the rear.
Given the utterly contradictory accounts ventured by the opposing parties, the trial court’s judgment was necessarily based upon a determination that the plaintiffs were more credible. Since the defendant’s version of the incident cannot square with a known fact — the loss of the Pinto’s rear bumper — we find no manifest error in the trial court’s conclusion that it was the defendant who struck the plaintiff’s vehicle from the rear. There being no refutation of presumed negligence on the part of the defendant, this case must be resolved in favor of Paulette Smith and Mildred Scott.
Affirmed.

. The trial court awarded plaintiff Smith general damages in the amount of $2,000.00 and medical specials in the amount of $511.00. Plaintiff Scott won $750.00 in general damages and medical specials in the amount of $168.00.