561 So.2d 961 (1990)
Carolyn GIOUSTOVER and Doretha Eaglin
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY and Donald Bonanno.
No. 89-CA-1657.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1990.
Brian G. Birdsall, Birdsall, Rodiguez, Robelot & Kehoe, New Orleans, for plaintiff/appellant Carolyn Gioustover.
Patrick G. Kehoe, Jr., Birdsall, Rodiguez, Robelot & Kehoe, New Orleans, for plaintiff/appellant Doretha Eaglin.
Geoffrey P. Snodgrass, Ellen B. Woody, Christovich & Kearney, New Orleans, for defendants/appellees.
Theodore V. Fish, Jr., Carl Williams, New Orleans, for Allstate Ins. Co.
Before SCHOTT, C.J., and BARRY and LOBRANO, JJ.
LOBRANO, Judge.
This suit arises from a judgment in favor of plaintiff-appellant, Carolyn Gioustover and against defendant-exceptor, Allstate Insurance Company (Allstate) for injuries *962 she received as a result of an automobile collision with a vehicle driven by defendant-appellee, Donald Bonanno. At the time of the accident, Bonanno's liability insurer was Progressive American Insurance Company (Progressive).
FACTS:
On February 9, 1987, Gioustover was a front seat guest passenger in a vehicle driven by her mother, Doretha Eaglin. That vehicle was insured by Allstate. Eaglin was driving north on Carrollton Avenue towards its intersection with Edinburgh Street. At the same time, Bonanno was driving his van south on Carrollton Avenue towards the same intersection. Traffic on Carrollton Avenue was heavy. When he reached the intersection with Edinburgh Street, Bonanno executed a left turn into the median. Because of the heavy traffic, Bonanno was unable to complete the turn across the northbound lanes of Carrollton Avenue and stopped in the median. The van blocked the entire left lane and part of the middle lane of the median as well as the left northbound lane of Carrollton Avenue.
As Eaglin approached the Edinburgh intersection, she executed a left turn into the median in an attempt to enter the southbound lanes of Carrollton Avenue. As she did so, only seconds after Bonanno had executed his turn, the right front portion of her vehicle, near the headlight, struck the right rear portion of Bonanno's van near the rear bumper. Gioustover was thrown forward, struck the dashboard and sustained injury. Eaglin was not injured.[1]
Following trial, the court found that the sole proximate cause of the accident was "... the negligence of Eaglin for her failure to turn safely and exercise due diligence and care during the maneuver." The court awarded Gioustover $18,000.00 in general damages and $1,859.00 in special damages against Eaglin's liability insurer, Allstate. Prior to trial, the parties stipulated that no judgment would be entered against the individual defendants and that the maximum recovery would be limited to the applicable policy limits. Both Eaglin and Bonanno had policy limits of $10,000.00 each. Pursuant to the stipulation, judgment was entered on February 13, 1989 against Allstate for $11,859.00 plus interest until paid and costs of the proceedings. All claims against Bonanno and Progressive were dismissed.
Gioustover and Eaglin appeal the judgment of the trial court asserting the following assignments of error:
1) The trial court erred in applying the principles of active and passive negligence in making a determination of percentages of fault between the parties.
2) The trial court erred in assigning zero (0) percent negligence to Bonanno and one-hundred (100) percent negligence to Eaglin.
Allstate filed a Peremptory Exception of Prescription in this court asserting Gioustover's claims against it have prescribed for failure to file timely. Alternatively, Allstate adopts the briefs and argument by Gioustover and Eaglin in the event its exception is not maintained.
ASSIGNMENTS OF ERROR 1 AND 2:
Gioustover argues at length that the trial court failed to apply comparative fault principles to the facts adduced at trial and instead erroneously applied the principles of active and passive negligence.[2] We disagree.
Comparative fault law would only apply to the instant case if the trial court had found both Bonanno and Eaglin negligent in causing the accident. It is clear from the trial court's reasons for judgment *963 that he did not so find. The trial court stated:
"Based upon the location of the damage on the Bonanno and Eaglin vehicles, this Court concludes that Eaglin was attempting to make a turn into the Edinburgh median in the lane closest to her rather than the lane of Edinburgh into which she was properly obligated to turn in. She did this because the Bonanno vehicle had preempted the lane in which she should properly turn in and the Bonanno vehicle was stuck in traffic and unable to traverse the balance of South Carrollton Avenue. Although Bonanno was improperly preempting a lane of South Carrollton and was on the `wrong side' of the Edinburgh median, his active negligence ceased to be a cause in fact of the accident because he was stopped for a period of time (a few seconds) and Eaglin observed how he was stopped. Eaglin did not make the turn with a short enough turning radius and clipped the lower portion of the right rear quarter panel of the Bonanno vehicle. (The foregoing is reinforced by the destinations of Bonanno and EaglinBonanno to a flooring center on Edinburgh and Eaglin to the post office on South Carrollton at Edinburgh.) No negligence is assigned to Bonanno and the sole proximate cause of the accident was the negligence of Eaglin for her failure to turn safely and exercise due diligence and care during the maneuver."
It is well settled in Louisiana law that an appellate court should not disturb the factual findings of the trial court where there is evidence which furnishes a reasonable factual basis for those findings. Great deference is accorded the trial court's evaluations of credibility. Smith v. Schwary, 422 So.2d 236 (La.App. 4th Cir. 1982).
The physical evidence introduced at trial (photographs and diagrams) shows that Eaglin struck the right rear portion of Bonanno's van. Bonanno testified that he was stopped for approximately 15 seconds prior to the collision due to the heavy traffic on Carrollton Avenue which prevented completion of his turn. Eaglin testified that at the time of the collision both vehicles were moving and that Bonanno had "come across the lane fast ... and the only time he stopped was when we hit." During Eaglin's cross examination, the trial court in assessing the physical evidence as it relates to Eaglin's version of the accident stated:
"... what I am concerned about is that there is a non-sequitur here. If, for example, she was proceeding as she says and was intending to turn into the far lane, then the collision could not have happened on that bumper. She obviously made a turn prior to the far lane on Edinburgh. She had to have, otherwise the two vehicles could not have met the way they met. It is an absolute physical impossibility."
Thus, after a careful review of the evidence and testimony adduced at trial and the trial court's reasons for judgment, we cannot conclude that there is mainfest error in the factual determination that the sole and proximate cause of the accident was Eaglin's failure to turn properly. The record amply supports this conclusion and we will not interject our own conclusions absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
These assignments of error are without merit.
PEREMPTORY EXCEPTION OF PRESCRIPTION:
Allstate filed a peremptory exception of prescription in this court asserting Gioustover's claims have prescribed for the following reasons:
1) The accident occurred on February 9, 1987, and;
2) Gioustover's original petition for damages named only Donald Bonanno and Progressive as defendants, and;
3) Allstate was made a third party defendant by Bonanno and Progressive on June 2, 1988, more than one year from the date of the accident, and;
4) Allstate was named a principal defendant by Gioustover by supplemental and amended petition on June 7, 1988, more *964 than one year from the date of the accident, and;
5) Following trial, Bonanno and Progressive were found free of fault and therefore, are not joint tortfeasors with Allstate for purposes of interrupting prescription.
We agree with Allstate.
Prescription can be raised on appeal for the first time provided it is raised before submission of the case for decision. Marshall v. Marshall, 390 So.2d 1365 (La. App. 4th Cir.1980), writ den., 405 So.2d 531 (La.1981).
The law is clear that a suit filed timely against one joint tortfeasor, interrupts prescription as to other joint tortfeasors. Civil Code Article 2324(C). The law is equally clear that where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another joint torfeasor, who is not timely sued, since no joint or solidary obligation exists. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (La.1970); Early v. Gravois, 503 So.2d 553 (La.App. 4th Cir.1987); Catalano v. G.S.B. Theatres, 480 So.2d 428 (La.App. 4th Cir.1985); Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982).
In the instant case, the trial court found Bonanno and Progressive free from fault. All claims against them were dismissed. We affirm this finding. Since no joint or solidary liability exists between Bonanno and Eaglin, prescription was not interrupted as to Allstate. Accordingly, we maintain Allstate's exception of prescription and dismiss all claims against them.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
*965 
NOTES
[1] Attached to this opinion is a diagram used by the trial judge to further explain the relative positions of the Eaglin (E) and Bonanno (B) vehicles.
[2] Gioustover relies on Loose v. Offshore Navigation, Inc., 670 F.2d 493 (5th Cir.1982) and Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1975) to support her argument. These cases are inapposite to the instant case. Both these decisions address the application of comparative or proportionate fault among tortfeasors all of whom were found negligent. There was no negligence attributed to Bonanno in this case.