BARRY, Judge.
David Foster, Roy Simmons and Cardell Batiste’s suit for damages against Charles Jones and Presidential Fire & Casualty Insurance Company was dismissed based on prescription. We affirm.
The facts are not in dispute. On July 18, 1986 plaintiffs were passengers in a pickup truck driven by Jones which was involved in an accident with a vehicle driven by Bennett Hayes. On November 7, 1986 Jones, Foster, Simmons and Batiste sued Hayes and his insurer, State Farm. State Farm asserted a third party demand against Jones and his alleged insurer, Prestige Fire and Casualty Company. Jones answered State Farm’s claim on February 6, 1987 and filed a third party demand against Prestige. Jones’ actual insurer, Presidential Fire & Casualty Insurance Company, answered Jones’ petition on March 25, 1987, admitted that it provided insurance to Jones but denied the other allegations. Presidential did not answer State Farm’s third party demand against Prestige.
On July 8, 1987 Hayes sued Jones and Presidential. The suits were consolidated.
On October 7, 1988, more than two years after the accident, plaintiffs filed an amended petition adding Jones and Presidential and/or Prestige as defendants. Presidential answered the amended petition on November 28, 1988.
Judgment was rendered in favor of Hayes and against Presidential and Jones. The court granted Presidential’s motion to dismiss plaintiffs’ amended petition because of prescription.
ASSIGNMENT OF ERROR
Plaintiffs argue that their claim against Jones and Presidential did not prescribe. They concede the amendment to their petition could be construed to add new parties. Plaintiffs were not named in the third party demand filed by Jones and State Farm, nor did their original petition cite Presidential, Prestige or Jones as a defendant.
La.C.C.P. Art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The Supreme Court has set forth criteria to determine whether C.C.P. Art. 1153 al *769 lows an amendment adding a defendant to relate back to the original filing date:
1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleadings;
2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant the action would have been brought against him;
4) The purported substitute defendant must not be a wholly new or unrelated defendant since [the action] would have otherwise prescribed.
Ray v. Alexandria Mall Through St. Paul Property & Liability Ins., 434 So.2d 1083 (La.1983).
The original petition, which included Jones, alleges that the accident was caused 'by Hayes. Jones, Prestige and Presidential were not put on notice that they could be liable. Plaintiffs were not mistaken as to the identity of the proper defendants). See Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4th Cir.1985).
The trial court found that the accident was entirely due to Jones’ negligence. Jones and Hayes are not solidarily liable, hence plaintiffs’ suit against Hayes did not interrupt prescription against Jones and Presidential. La.C.C. Art. 1799. Catalano, supra; Bennett v. General Motors Corporation, 420 So.2d 531 (La.App. 2d Cir.1982).
The judgment is affirmed.
AFFIRMED.