619 So.2d 1096 (1993)
Cynthia MILLER
v.
ONE SHELL SQUARE, et al.
Nos. 92-C-2765, 92-C-2835.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1993.
Gus A. Fritchie, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for relator/defendant City Glass & Mirror, Inc.
Lawrence J. Boasso, Lenfant & Associates, Metairie, for relator/defendant Selco Construction, Inc.
Ernest Lee Caulfield, Maurice A. Williams, New Orleans, for respondent/plaintiff Cynthia Miller.
Before SCHOTT, C.J., and ARMSTRONG, PLOTKIN, WALTZER and LANDRIEU, JJ.
*1097 WALTZER, Judge.
This writ concerns a trial court's denial of an exception of prescription raised by two parties who were added as defendants over a year after the plaintiff's accident.
The plaintiff, Cynthia Miller, was injured while working in her office at Shearson, Lehman & Hutton in One Shell Square on August 21, 1989. She was injured when a glass partition fell on her.
On May 10, 1990, plaintiff filed a petition for damages against One Shell Square, Gerald Hines Interests, and Continental Insurance Company.
On June 23, 1990, Shearson, Lehman & Hutton filed an intervention for the recovery of worker compensation payments made to plaintiff.
On October 10, 1990, after the one year prescriptive period, plaintiff filed a pleading amending her original petition adding as defendants Continental Insurance Company of New York, Project Square 221, Fidelity and Casualty Company, Construction South Inc., Selco Construction Inc. (the first relator of this writ) and BBC Insurance Company.
On February 13, 1992, plaintiff moved to dismiss, without prejudice, defendants Project Square 221, Gerald Hines Interest, and Continental Insurance Company. The trial judge signed the order attached to plaintiff's motion which mistakenly read dismissed with prejudice.
On June 1, 1992, plaintiff filed a second pleading amending her original petition to include as defendant City Glass and Mirror Company (City Glass), the second relator of this writ.
On September 1, 1992, Selco Construction Company, Inc. (Selco) filed an exception of prescription followed by an answer. City Glass also filed an exception of prescription sometime later. These peremptory exceptions for prescription were denied by the trial court on November 19, 1992, and both Selco and City Glass took writs to this Court which were consolidated. (93-C-2765 and 93-C-2835)
The relators argue that the dismissal of two of the three original defendants and the non entity status of the third original defendant makes the plaintiff's action against them prescribed.
Certiorari is granted as relators raise an interesting question of law. However, after a review of the law and the record before us, we believe that the trial court was correct, and relators' request for relief is denied.
One must look to several Civil Code articles in determining whether the plaintiff's right to bring an action against the two relators has prescribed.
First, LSA-CC. article 3462 states that prescription is interrupted when an "obligee commences action against the obligor, in a court of competent jurisdiction and venue." The plaintiff in this case filed suit, in a court of competent jurisdiction and venue, against three defendants: One Shell Square, Gerald Hines Interests and Continental Insurance Company. This action was timely filed as it within the one year prescription period of the plaintiff's accident.
All of the parties sued by the plaintiff are alleged to be joint and solidary obligors. Under LSA-C.C. articles 1799 and 2324(C), the interruption of prescription against one solidary or joint tortfeasor is effective against all solidary and joint tortfeasors.
Furthermore, LSA-C.C. article 3463 states:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit to trial.
LSA-C.C. article 3463.
First, the Supreme Court is clear in their interpretation of LSA-C.C. art. 3463 in the case Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). In that case, the Supreme Court determined that the language "if the plaintiff ... voluntarily dismisses ... the suit to trial" applied *1098 when the plaintiff dismissed the actual suit and not simply certain parties. Id. at 720, 721. The dismissing of particular defendants is not the same as dismissing the lawsuit. At the time the plaintiff in this case amended her petition to include the relators nothing had been done to dismiss the lawsuit. Therefore, so long as the relators are joint or solidary obligors with the three original defendants, prescription was interrupted as to them upon the filing of suit against the original three defendants, and the interruption of prescription was not lost by plaintiff's dismissing of two of those defendants. See Firmin v. Denham Springs Floor Covering, 595 So.2d 1164 (La.App. 1 Cir.1991); Gravois v. New England Insurance Co., 553 So.2d 1034 (La. App. 4th Cir.1989); Scott v. Burden, 527 So.2d 468 (La.App. 5th Cir.1988).[1]
Second, whether the relators are solidary obligors with the original defendants has not yet been decided by the trial court. If and when the trial court determines that One Shell Square is in fact not an entity and not amenable to suit, and that the other two original defendants are not solidary obligors in this case, the relators may then raise their peremptory exception of prescription. The cases clearly indicate that the granting of an exception of prescription for the reasons argued in this case should not be granted until it has been determined that solidary liability does not exist. Jones v. State Farm Mutual Automobile Insurance Co., 572 So.2d 767 (La. App. 4th Cir.1990); Gioustover v. Progressive American Insurance Co., 561 So.2d 961 (La.App. 4th Cir.1990); Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4th Cir.1985); Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982).[2]
For these reasons, we believe granting the relators' exceptions of prescription at this time would be premature. The relators are in no way irreparably harmed by this decision as they raise their exception later in this case or on appeal.
WRIT GRANTED, RELIEF DENIED, TRIAL COURT AFFIRMED.
SCHOTT, C.J., concurs with reasons.
PLOTKIN, J., concurs for the reasons assigned by SCHOTT, C.J.
ARMSTRONG and LANDRIEU, JJ., concur with reasons.
SCHOTT, Chief Judge, concurring:
When the suit against Selco Construction, Inc. was filed, plaintiff's suit against Project Square 221, Gerald Hines Interest, and Continental Insurance Company was not yet dismissed. I agree with the majority that Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986) controls with the result that relators' exceptions of prescription were correctly overruled by the trial court.
However, had One Shell Square, a non entity, been the only defendant in the case when the suit against relators was filed, the claim against relators would have been barred by prescription.
PLOTKIN, J., concurs for the reasons assigned by SCHOTT, C.J.
ARMSTRONG, Judge, concurring.
The exercise of this court's supervisory jurisdiction is not warranted at this time. In the event the plaintiff fails to prove that the original defendants, including One Shell Square, are solidary obligors, the relator can raise the prescription issue again.
LANDRIEU, Judge, concurring.
I respectfully concur.
In addition to the reasons assigned, I would note that plaintiff's employer, Shearson, *1099 Lehman, Hutton and its worker's compensation carrier, National Union Insurance Company, filed an intervention against Gerald D. Hines Interests Limited Partnership, One Shell Square, and Continental Insurance Company. Although the principle demands against Hines and Continental were later dismissed, this incidental demand against them was not. Since a suit timely filed by an employer's compensation insurer interrupts prescription on the employee's claim arising from the same cause of action, plaintiff's suit against City Glass & Mirror, Inc., is timely filed should it be proved that this defendant is solidarily liable with any other defendant sued by Shearson and National Union. Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983).
Furthermore, it would appear that the application of Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993) to the facts of this case would also suggest that the application for supervisory writs be denied. That case seemingly says that as long as a lawsuit against the employer for worker's compensation may still be timely filed, the employee's claim against a third-party tort-feasor remains alive.
NOTES
[1] We also note that whether the dismissal of the two defendants was with or without prejudice is inconsequential in this case. In Hebert, 486 So.2d 717 (La.1986), the original defendant was dismissed with prejudice after the plaintiff amended her petition to include the second defendant. Id. at 718. Furthermore, no res judicata issues exist with the adding of different defendants.
[2] In all these case, this Court granted the exception of prescription only after the trial court had already determined that no liability existed with the original defendants.