KLEES,Judge.
David W. McGregor (“Plaintiff’) initially filed suit against defendants “Boudreaux and Lamy, Attorneys at Law” and the XYZ Insurance Company alleging legal malpractice. Defendants filed an Exception of Prescription urging that the Plaintiffs claims against them had prescribed. After considering argument of counsel and reviewing the pleadings, the trial court entered judgment maintaining Defendants’ Exception of Prescription.

FACTS:

On September 14, 1990, Plaintiff filed this malpractice action against “Boudreaux and Lamy, Attorneys at Law”[1] and the XYZ *1178 Insurance Company. However, service was not perfected on Harold Lamy until May 31, 1994—almost four years from both the filing of the petition and the alleged malpractice.
On August 8, 1994, Defendants filed an Exception of lack of Procedural Capacity and/or an Exception of No Cause of Action alleging that “Boudreaux and Lamy, Attorneys at Law” was a non-entity and, thus, that the entity referred to in the petition had no legal capacity to be sued and/or no cause of action to be brought against it.
bOn October 6, 1994, Plaintiff filed a First Supplemental and Amending Petition. This First Supplemental and Amending Petition deleted the caption “Boudreaux and Lamy, Attorneys at Law, both persons above the full age of majority and doing business in the Parish of Orleans, State of Louisiana” and replaced the caption with defendants “Barker, Boudreaux, Lamy, Gardner and Foley, a Law Corporation.” The petition also added the firm’s liability insurer, The Home Insurance Company. On October 12, 1994, this First Amended Petition was served upon defendants Barker, Boudreaux, Lamy and Foley and the Home Insurance Company.
On November 10, 1994, the defendants Barker, Boudreaux, Lamy and Foley, a Professional Law Corporation, and the Home Insurance Company filed this Exception of Prescription.
Subsequently, on August 21, 1995, Plaintiff filed a Second Supplemental and Amending Petition which deleted and replaced paragraphs 2, 3, 4, 5, and 6 of the First Supplemental and Amending Petition with the language of the original petition. Thus, Plaintiff, in his Second Supplemental Petition, attempted to simply add the new defendants rather than substituting them.
On October 17, 1997, the trial court rendered judgment maintaining Defendants’ exception and dismissed Plaintiffs claims with prejudice.

DISCUSSION:

Plaintiff alleges that the trial court erred in failing to find that the original defendants, “Boudreaux and Lamy, Attorneys at Law,” were sued individually. Specifically', Plaintiff argues that the suit against Boudreaux and Lamy, in their individual capacity, interrupted prescription as to the subsequently added defendants, Barker, Boudreaux, Lamy and Foley, a Professional Law Corporation, and the Home Insurance Company. Additionally, Plaintiff argues that the trial bcourt erred in applying the criteria in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). Plaintiffs argument is without merit.
Under La. C.C.P. art. 1153, an amended petition relates back to the date of filing of the original pleading when the “action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.” Further, jurisprudence allows an untimely filed amended petition that changes the identity of the party or parties sued to “relate back” to a timely filed petition as long as they meet the criteria set forth by the Louisiana Supreme Court in Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083, 1087 (La.1983). The four criteria that must be met are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
First, as can be seen by the pleadings, the First Supplemental and Amending Petition filed by Plaintiff deleted the defendants “Boudreaux and Lamy, Attorneys at Law” and replaced as defendants the law firm “Barker, Boudreaux, Lamy, Gardner and Fo *1179 ley, a Law Corporation”, and The Home Insurance Company. By deleting the defendants “Boudreaux and Lamy, Attorneys at Law” and adding the new defendants, Plaintiffs cause of action for legal malpractice prescribed.[2] Although Plaintiff tried to correct this mishap by filing a Second Amended ^Petition - a petition that attempted to add the new defendants rather than substitute them, we find that the language of the Second Amended Petition merely reinstated the original petition.
Thus, the issue is whether Plaintiff intended to sue Boudreaux and Lamy in their individual capacity. After reviewing the pleadings, we agree with the trial court that Plaintiffs original petition named as defendants solely Boudreaux and Lamy, Attorneys at Law - a non-entity. Although Lamy was served with the petition, we find that the petition failed to identify either Boudreaux or Lamy as an individual by their first name or to hold them individually responsible. Further, the fact that Plaintiff deleted the defendants in his First Supplemental Petition leads this court to believe that Plaintiff originally intended to sue the law firm of “Bou-dreaux and Lamy, Attorneys at Law”.
Furthermore, even if Plaintiffs Second Amended Petition did add the new defendants, Barker, Boudreaux, Lamy, Gardner and Foley, a Law Corporation, and The Home Insurance Company, we do not find that the Ray factors have been met to interrupt prescription.
We agree with Plaintiff that the attempted amended claim does arise out of the same transaction or occurrence set forth in the original pleading. However, we do not find that the Ray factors (2) and (3) have been met. First, Lamy was not served with the original petition which sued the non-entity “Boudreaux and Lamy, Attorneys at Law” until May 31, 1994. Thereafter, the Defendants Barker, Boudreaux, Lamy, Gardner and Foley, a Professional Legal Corporation, and The Home Insurance Company were not served with the First Amended Petition until October 12,1994. As stated above, this First Amended Petition deleted the defendants in the original petition. Although Plaintiff attempted to correct the First Amended Petition by adding the new Defendants, we find that the pleadings were ^confusing and that the Defendants had no way of knowing that the action was brought against them.
Additionally, we find that the trial court properly applied the concurring opinion of Chief Judge Schott in Miller v. One Shell Square, 619 So.2d 1096, 1098 (La.App. 4 Cir., 1993). In Miller, Chief Judge Schott stated that had “a non-entity been the only defendant in the ease when the suit against rela-tors was filed, the claim against relators would have been barred by prescription.” Id. at 1098. In this case, Plaintiffs original petition was filed against “Boudreaux and Lamy, Attorneys at Law” — a non-entity. Accordingly, the claims against defendants, Barker, Boudreaux, Lamy and Foley, a Professional Law Corporation, and the Home Insurance Company have prescribed.

CONCLUSION:

For the foregoing reasons, we affirm the judgment of the trial court maintaining Defendants Exception of Prescription. Accordingly, Plaintiffs case is dismissed with prejudice.
AFFIRMED.
LANDRIEU, J., dissents.

. Specifically, the petition stated "That made defendant herein is Boudreaux and Lamy, Attorneys at Law, both persons above the full age of majority and doing business in the Parish of Orleans, State of Louisiana.”

. The prescriptive period governing actions for legal malpractice is set forth in La. R.S. 9:5605 and states that the action sháll be brought within a year from the date of the alleged act.