858 So.2d 440 (2001)
Kenneth W. MARTIN
v.
THE CITY OF BATON ROUGE, Pat Screen, Wayne Rogillio, William Denicola Wolf, and Unknown Police Officers All in Their Official Capacities and Individually.
No. 2000 CA 0896.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*441 Kevin Patrick Monahan, Baton Rouge, Counsel for Kenneth W. Martin Plaintiff-Appellee.
T. Allen Usry, John F. Weeks, II, Fred Schroeder, Metairie, Counsel for East Baton Rouge Parish Sheriff Elmer Litchfield and Deputy Dale Dicharry Defendant-Appellant.
Frank Gremillion, Baton Rouge, Counsel for City of Baton Rouge Parish of East Baton Rouge Defendant.
Larry Dersona, Baton Rouge, Counsel for Dersona & Donnan Intervenor.
Before: WHIPPLE, KUHN, and DOWNING, JJ.
DOWNING, J.
Defendants/Appellants, East Baton Rouge Parish Sheriff Elmer Litchfield and one of his deputies, Sgt. Dale Dicharry, appeal an adverse judgment against them in favor of Plaintiff/Appellee, Kenneth Martin, asserting one assignment of error: Kenneth Martin's claim against them had prescribed. For reasons stated, we remand this matter to the trial court for further proceedings on the issue of prescription.

FACTS AND PROCEDURAL HISTORY
Under a warrant obtained by the Baton Rouge City Police Department, a team of six officers from local law enforcement agencies known as the "Metro Squad" conducted a raid on a home where Kenneth Martin was visiting on March 3, 1988. This team included officers from the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, the Port Allen Police Department and the United States Marshall's office. Martin re-injured a knee when one of the officers pushed him.
On March 2, 1989, Martin filed suit for personal injuries against the City of Baton Rouge, its mayor, the Baton Rouge City Police Chief, one specified police officer and other unnamed officers claiming damages resulting from an officer's alleged excessive use of force. On October 16, 1990, Martin amended his petition to name Sgt. Dale Dicharry of the East Baton Rouge Parish Sheriff's Department as an additional defendant. The petition was once again amended on November 14, 1990, to add the East Baton Rouge Parish Sheriff as a defendant and to assert additional allegations against the sheriff and Sgt. Dicharry.
The matter came on for trial on September 23 and 24, 1997. The matter was taken under advisement, and the trial court issued written reasons on January 26, 2000. The trial court found that Sgt. Dicharry had used unreasonable and excessive force against Martin. The trial court entered judgment in favor of Martin and against Sgt. Dicharry and the East Baton Rouge Parish Sheriff on February 3, 2000. The trial court, however, dismissed with prejudice all claims against the original defendants since it had found the Sheriff and the deputy, Sgt. Dicharry, wholly at fault.
The East Baton Rouge Parish Sheriff and Sgt. Dicharry now appeal raising as their one assignment of error that Martin's claim against them had prescribed. The East Baton Rouge Parish Sheriff and Sgt. Dicharry also filed an exception of prescription praising in this court for the first time the issue of prescription. On January 31, 2001, Martin filed a motion to dismiss the appeal and remand the proceedings to the trial court to consider the exception of prescription. On February 23, 2001, this court entered an order referring *442 the motion to dismiss or remand to the merits of the appeal.

DISCUSSION
In the interest of justice, we remand this matter to the trial court for the sole purpose of considering the exception of prescription raised by the East Baton Rouge Parish Sheriff and Sgt. Dicharry.
As the Court observed in McKeithen v. LeBlanc, 491 So.2d 807, 808 (La.App. 3rd Cir.1986):
The plaintiff has not made a formal demand, by way of a pleading, asking for a remand. However, we believe that the fair import of [plaintiff's] brief is that we either overrule the exception or remand it for trial. The appellant's brief gives the same interpretation to the plaintiff's argument that we do. Furthermore, this is only fair. The question of prescription has never been tried, evidence concerning possible interruption of prescription has never been presented, and the issue of prescription turns out to be the only real controversy in the case. Justice would be better served to remand for a trial of the exception.
Martin made demand for a rehearing pursuant to Louisiana Code of Civil Procedure art. 2163 in his motion to dismiss and remand.[1] However, in both his appellate brief and his memorandum in support of his motion for remand, Martin asks this court to either overrule the exception of prescription or to remand the exception for hearing. It does not appear, therefore, that remand is required. Compare and contrast Blanchard v. Southern Pacific Transportation Co., 93-1155, p. 4 (La.App. 1st Cir.4/8/94), 635 So.2d 742, 744, which holds appellate courts have no discretion in the matter of remand once a plaintiff has demanded it.
On appeal, Martin urges that the amended petition, which names Sgt. Dicharry and the Sheriff's Department as defendants and describes them as members of the Metro Squad, relates back to the original petition filed against the other Metro Squad members. Martin urges prescription was interrupted in accordance with La. C.C.P. art. 1153. We conclude Martin should have the opportunity to develop evidence during a hearing on the exception of prescription to address whether amendments to the petition relate back to the time of filing the original petition, see Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) and succeeding cases, whether the issue of solidarity may be raised to prove interruption of prescription, see Bankston v. B & H Air Tools, Inc., 486 So.2d 199, 200-201 (La.App. 1st Cir.), writ denied, 488 So.2d 1021 (La. 1986), or whether other issues related to prescription may apply.
The East Baton Rouge Parish Sheriff and Sgt. Dicharry assert their peremptory exception of prescription for the first time in this court. At least where there is no liability in solido or where the amended petition cannot be determined to relate back to the time of original filing, they argue correctly that prescription is not interrupted in favor of a belatedlyadded *443 defendant when all original defendants who were served timely are dismissed. See Louisiana Civil Code arts. 3462 and 2324(C). See also Adams v. Dupree, 94-2353, pp. 3-4 (La.App. 4th Cir.10/12/95), 663 So.2d 433, 435-436, writ denied, 95-2750 (La.1/26/96), 666 So.2d 676, and Gioustover v. Progressive American Insurance Co., 561 So.2d 961, 964 (La.App. 4th Cir.), writ not considered, 566 So.2d 973 (La.1990). As the court in Gioustover v. Progressive American Insurance Co., Id., stated:
Prescription can be raised on appeal for the first time provided it is raised before submission of the case for decision.
The law is clear that a suit filed timely against one joint tortfeasor, interrupts prescription as to other joint tortfeasors. Civil Code Article 2324(C). The law is equally clear that where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another joint torfeasor who is not timely sued, since no joint or solidary obligation exists. (Citations omitted.)
In this case, all original defendants have been dismissed. The Sheriff of East Baton Rouge Parish and Sgt. Dicharry were not served until well after the one year prescriptive period had run. For Martin to prevail against the defendants on the peremptory exception of prescription, he must prove that prescription had been successfully interrupted at the time that he added the East Baton Rouge Parish Sheriff and Sgt. Dicharry as defendants. In the interest of justice, he will be given the opportunity to do so.

CONCLUSION
For reasons stated, we remand this matter solely for consideration of the Peremptory Exception of Prescription raised by the East Baton Rouge Parish Sheriff and Sgt. Dicharry. This appeal is held in abeyance pending a ruling by the trial court on the exception of prescription. The trial court is ordered to file a copy of its ruling on the exception with this court within ten days following the ruling. After the trial court's ruling on the exception is filed with this court, this court shall set a new briefing schedule, and the appeal shall be re-docketed. Assessment of costs shall await final disposition of this matter.
REMANDED WITH ORDER; APPEAL HELD IN ABEYANCE.
NOTES
[1] Art. 2163. Peremptory exception filed in appellate court; remand if prescription pleaded

The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.