IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30297
Summary Calendar
_____

IDA JOSEPH,

Plaintiff-Appellant,

versus

BOARD OF COMMISSIONERS OF THE
PORT OF NEW ORLEANS; ET AL,

Defendants

SHANE J. STUNTZ, Corporal;
CHARLES C. FOTI, JR., Criminal
Sheriff of the Parish of
Orleans; EMILE RILEY, Dr.

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1622
--------------------
December 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ida Joseph has been substituted as appellant in the appeal
of her son George Joseph, now deceased. She argues that the
district court erred in determining that New Orleans Harbor

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Police Officer Corporal Shane Stuntz was entitled to qualified immunity for the arrest of George Joseph and that the court also erred in its determination that the claims against Orleans Parish Sheriff Charles C. Foti, Jr., prison official Dr. Emile Riley, and other prison employees had prescribed.

Specifically, Ida Joseph argues that Stuntz was unreasonable when he arrested George Joseph, a paraplegic, for possession of a stolen vehicle and that Stuntz could be held liable for the severe bed sores George Joseph sustained while incarcerated for five months following a subsequent arrest for not appearing for his arraignment. Ida Joseph also argues that the claims against Sheriff Foti, Dr. Riley and the prison employees had not prescribed because 1) Stuntz was a joint tortfeasor and the prescription period for the claims against Foti, Riley and the prison employees was interrupted by the timely claim against Stuntz, 2) the filing date of the amended complaint adding Foti, Riley and the prison employees related back to the filing date of the original complaint, and 3) the doctrine of contra non valentum agere nulla currit praescriptio applied.

This Court reviews the grant of summary judgment de novo and determines under the same standard as the district court whether the record as a whole shows that there are no genuine issues as to any material fact and whether the defendants are entitled to a judgment as a matter of law. Guillory v. Domtar Indus., 95 F.3d 1320, 1326 (5th Cir. 1996); see also FED. R. CIV. P. 56(c). A

state or local officer is entitled to qualified immunity for a claim of wrongful arrest unless the officer lacked probable cause. Eugene v. Alief Ind. School Dist., 65 F.3d 1299, 1305 (5th Cir. 1995). Whether the officer had probable cause depends on whether, at the time of the arrest, the facts and circumstances within his knowledge were sufficient to warrant a prudent man in believing that the individual arrested had committed or was committing an offense. Piazza v. Mayne, 217 F.3d 239, 245-46 (5th Cir. 2000).

Our review of the record reveals that Stuntz was not unreasonable in arresting George Joseph for possession of a stolen vehicle under LA. REV. STAT. ANN. § 14:69 (West 1997), given that Joseph had ridden as a passenger in the stolen vehicle, the steering column had been broken, and there was a screwdriver on the floor of the vehicle. See State v. McCadney, 761 So. 2d 579, 582-84 (La. Ct. App. 2000); State v. Wilson, 544 So. 2d 1300, 1302 (La. Ct. App. 1989).

The district court also did not err in determining that the claims against Sheriff Foti, Dr. Riley and the other prison employees had prescribed. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Dumas v. State, 828 So. 2d 530, 538 (La. 2002); Gioustover v. Progressive Am. Ins. Co., 561 So. 2d 961, 964 (La. Ct. App. 1990); see also FED. R. CIV. P. 15(c).

AFFIRMED.