897 So.2d 104 (2004)
Mildred LEBLANC
v.
CITY OF DONALDSONVILLE.
No. 2003 CA 2533.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*105 Paul G. Aucoin, Vacherie, Counsel for Plaintiff/Appellant Mildred LeBlanc.
Rodd A. Naquin, Baton Rouge, Counsel for Defendant/Appellee City of Donaldsonville.
Keith Detweiler, New Orleans, Counsel for Defendant/Appellee Quad Area Comm. Action Agency.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
Mildred LeBlanc appeals two judgments. The first dismissed her negligence claims against the City of Donaldsonville and Quad Area Community Action Agency (Quad Area). The trial court denied Ms. LeBlanc's motion for new trial, reargument only, against the City of Donaldsonville but granted a limited new trial as to Quad Area, concluding that, "[t]here is no evidence in the record which establishes Quad Area is a public entity and therefore entitled to the statutory protection outlined in LSA-R.S. 9:2800." After a new trial limited to determining "the legal entity status" of Quad Area, the trial court found that Quad Area was entitled to statutory protection and entered judgment in its favor accordingly. For the following reasons, we affirm the judgments dismissing Ms. LeBlanc's claims against the City of Donaldsonville but vacate the judgment in favor of Quad Area and remand with instruction.

FACTS AND PROCEDURAL HISTORY
On a rainy day in January 1998, Mildred LeBlanc went to pick up certain commodities being distributed by Quad Area. The community center where these commodities were being distributed was owned and *106 operated by the City of Donaldsonville, but no city employee remained on the site after it was opened for Quad Area's use. Ms. LeBlanc slipped and fell on the concrete floor just inside the doorway. The fall caused her injury.
Ms. LeBlanc filed suit against the City of Donaldsonville in January 1999. In May 2000 she amended the petition to add Quad Area as a defendant. In October 2000, Quad Area filed an exception of prescription that was never heard.
After a trial on the merits the trial court found in favor of both the City of Donaldsonville and Quad Area based on statutory immunity and entered judgment in their favors. The court observed that under La. R.S. 9:2800, public entities may not be held liable for injuries unless they have actual or constructive notice and that the City of Donaldsonville and Quad Area did not have such notice.
At the hearing on Ms. LeBlanc's motion for new trial, the trial court denied a new trial as to her claims against the City of Donaldsonville. The court then ordered a new trial as to Quad Area on the basis that it had failed to provide evidence that it was entitled to the statutory protection afforded by La. R.S. 9:2800. It found that "[a] new trial is needed to determine the legal entity status of Quad Area."
After the alleged submission of new evidence, the trial court entered judgment again in favor of Quad Area finding that it was a public entity protected under La. R.S. 9:2800 and adopting its prior judgment and reasons.
Ms. LeBlanc now appeals asserting four assignments of error:
1. She argues that the trial court erred in finding that the City of Donaldsonville was entitled to the statutory protection afforded by La. R.S. 9:2800;
2. She argues that the trial court erred in failing to grant her motion for new trial, reargument only, respecting the City of Donaldsonville;
3. She argues that the trial court erred in finding that Quad Area was entitled to the statutory protection afforded by La. R.S. 9:2800;
4. She argues that the trial court erred in allowing new evidence to be admitted after the trial, in a new trial, to determine whether Quad Area was a public entity entitled to the statutory protection afforded by La. R.S. 9:2800.
In its appellee's brief, Quad Area again raises the exception of prescription and moves this court to rule that Ms. LeBlanc's claims against it are prescribed.

DISCUSSION

City Of Donaldsonville
Ms. LeBlanc acknowledges that the City of Donaldsonville is a public entity and that it did not have actual or constructive notice of the wet condition of the floor when she fell. She argues, however, that the City of Donaldsonville should not be allowed to rely on the statutory protection provided by La. R.S. 9:2800, requiring that it have actual or constructive notice before it can be held liable, because the City of Donaldsonville provided no one to notify. She suggests that an exercise of reasonable care would require that some representative of the City of Donaldsonville be on the premises at all times the building was open to the public so that accidents could be reported and remedial measures be taken. La. R.S. 9:2800C provides as follows:
C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of *107 things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. (Emphasis added.)
The record before us shows that the trial court was not manifestly erroneous in determining that the City of Donaldsonville did not have actual or constructive notice of the community center floor's wet condition.[1] Based on the lack of actual notice and on the lack of evidence from which the trial court might have found constructive notice, the City of Donaldsonville is legally entitled to La. R.S. 9:2800's statutory protection. We appreciate Ms. LeBlanc's argument in this regard, but her argument for change in the law needs to be addressed to the legislature. The trial court did not err in applying the protections of La. R.S. 9:2800C to the City of Donaldsonville in the matter before us.
Ms. LeBlanc also assigns as error that the trial court erred in denying her motion for new trial. This argument is without merit. The established rule in the First Circuit is that the denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm. Shultz v. Shultz, 02-2534, p. 3 (La.App. 1 Cir. 11/7/03), 867 So.2d 745, 746. There has been no showing of irreparable harm, and we have addressed the merits above.
Accordingly, we conclude that Ms. LeBlanc's first and second assignments of error are without merit.

Quad Area
Ms. LeBlanc argues that the trial court erred in finding that Quad Area proved its entitlement to the statutory protections afforded to public entities under La. R.S. 9:2800. She further argues that the trial court erred in granting a new trial to allow the admission of additional evidence to establish its status and entitlement to protection under La. R.S. 9:2800. We find merit in the first of these arguments.
The record indicates that Ms. LeBlanc applied for a new trial, reargument only, under the peremptory grounds of La. C.C.P. art.1972, arguing that the judgment appeared clearly contrary to the law and evidence. The trial court agreed that Quad Area had failed to establish its status *108 as a public entity entitled to protection afforded under La. R.S. 9:2800 and ordered a new trial to allow the introduction of evidence on this issue.
The provisions of La. C.C.P. art.1978 provided that "[w]hen a new trial is granted for reargument only, no evidence shall be adduced." However, La. C.C.P. art.1971 provides that the trial court, on its own motion, may grant a new trial as to all or part of the issues. Since the trial court did not grant the relief requested by Ms. LeBlanc, we conclude the trial court granted the new trial on its own motion.
At the motion for new trial, the trial court concluded that its judgment was contrary to the law and evidence in that it entered judgment in favor of Quad Area when evidence was lacking to prove it was entitled to statutory protection. Accordingly, the new trial was granted on peremptory grounds under La. C.C.P. art.1972 and was not legally erroneous. Under La. C.C.P. art.1978, at a new trial, all "testimony and evidence received on the former trial shall be considered as already in evidence." Further, "the parties shall not be precluded from producing new proofs, on the ground they have not been offered on the first trial." La. C.C.P. art.1978. Accordingly, the trial court would not have erred in allowing the introduction of additional evidence, had it done so, at the new trial on this matter. Assignment of error no. 4 is without merit.
The record, however, is devoid of any new evidence tending to show Quad Area was a public entity as defined in La. R.S. 9:2800G. While the parties claim that such evidence was offered into evidence, neither the appellate record nor the records of the clerk of court for the 23rd Judicial District contain the alleged evidence.
Accordingly, we are compelled to conclude that the trial court was manifestly erroneous in finding that Quad Area was a public entity as defined in La. R.S. 9:2800G entitled to the protection afforded to public entities. No evidence supports this finding. Quad Area has had two chances to present this evidence.
Ms. LeBlanc's third assignment of error, therefore, has merit.
Normally, if an appellate court finds that the trial court committed a reversible error of law or manifest error of fact, the appellate court must ascertain the facts de novo from the record and render a judgment on the merits. Oubre v. Eslaih, 03-1133, pp. 8-9 (La.2/6/04), 869 So.2d 71, 76. Here, however, we note that Quad Area has asked us to rule on its exception of prescription against Ms. LeBlanc as it is entitled to do under La. C.C.P. art. 2163. Accordingly, while we are not required to remand the prescription issue for consideration since Ms. LeBlanc has not demanded a remand on this issue, we conclude Ms. LeBlanc should have the opportunity to develop evidence during a hearing on the exception of prescription to address whether amendments to the petition relate back to the time of filing the original petition, whether the issue of solidarity may be raised to prove interruption of prescription, or whether other issues related to prescription may apply. Martin v. City of Baton Rouge, 00-0896, pp. 3-4 (La.App. 1 Cir. 6/22/01), 858 So.2d 440, 442.

DECREE
We affirm the judgment of the trial court for the foregoing reasons as it pertains to the City of Donaldsonville. Regarding the judgment rendered against Quad Area, we vacate the judgment and remand for hearing on Quad Area's exception of prescription. Should the trial court determine that Ms. LeBlanc's claims against Quad Area have not prescribed, we *109 instruct the trial court to grant a new trial for reargument only and weigh the evidence against Quad Area without giving it the benefit of the statutory protections afforded to public entities under La. R.S. 9:2800, as we would do. Costs are assessed equally against Ms. LeBlanc and Quad Area.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTION
WHIPPLE, J., concurs.
FITZSIMMONS, J., concurs in the result only.
NOTES
[1] Mr. Patterson, Ms. LeBlanc's witness who saw her after she fell, testified that the floor was wet but was never asked how long the floor had been wet. While Mr. Gerard Joseph, the public works director for the City of Donaldsonville, acknowledged that he knew of the relevant weather conditions after he opened the facility that morning, he was never asked about safety procedures, when cones should be put out, etc.

Constructive notice includes a temporal element that must be proven. An analogous statute to the one at issue, La. R.S. 9:2800.6(C)(1), defines constructive notice as: "`Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."
In O'Connor v. Litchfield, 03-0397, pp. 5-6 (La.App. 1 Cir. 12/31/03), 864 So.2d 234, 239, writ not considered, 04-0655 (La.5/7/04), 872 So.2d 1069, the plaintiff established constructive notice by introducing an expert who testified based on safety journals and texts that it was the custom of the janitorial/custodial services industry to set out cones when a floor is wet. There is no similar testimony in this record. Other cases establish constructive notice by showing violations of the entities' own safety procedures. Here, neither Mr. Gerard Joseph nor any other witness was questioned about proper safety procedures to prevent falls during inclement weather.