STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-391


HENRY FISHER, ET AL.

VERSUS

CITY OF ALEXANDRIA, ET AL.


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 221,989
HONORABLE F. RAE SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.


EXCEPTION OF PRESCRIPTION GRANTED; JUDGMENT REVERSED.

Edward A. Kaplan
Attorney at Law
Post Office Box 12386
Alexandria, Louisiana  71315
(318) 448-0831
Counsel for Plaintiff:
    Henry Fisher

Timothy D. Shumate
Attorney at Law
Post Office Box 86
Alexandria, Louisiana  71309
(318) 561-7280
Counsel for Plaintiff/Appellee:
    Wanda Fisher

**Paul D. Oberle, Jr.**
**Richie, Richie & Oberle, L.L.P.**
**Post Office Box 44065**
**Shreveport, Louisiana 71134**
**(318) 222-8305**
**Counsel for Defendant/Appellant:**
        **Imperial Fire and Casualty Insurance Company**

**Mark F. Vilar**
**Faircloth, Vilar & Elliott, L.L.C.**
**Post Office Box 12730**
**Alexandria, Louisiana 71315**
**(318) 442-9533**
**Counsel for Defendant/Appellee:**
        **City of Alexandria**

**SULLIVAN, Judge.**

Imperial Fire & Casualty Insurance Company (Imperial) appeals a judgment rendered against it and in favor of Plaintiff, Wanda Blue Fisher, following trial on the merits. Imperial also files an exception of prescription. For the following reasons, we grant the exception of prescription and reverse the judgment of the trial court.

## FACTS

An automobile accident involving a vehicle driven by Henry Fisher and a vehicle driven by Police Officer Scott Clark, an employee of the City of Alexandria (the City), occurred on August 22, 2005, in Alexandria, Louisiana. Henry's wife, Wanda, was a guest passenger in the car at the time of the accident. On September 2, 2005, a petition for damages was filed by both Henry and Wanda naming the City as the only defendant and alleging that the accident was caused solely by the fault of Officer Clark. On August 28, 2006, after more than a year had elapsed since the date of the accident, Wanda filed a first supplemental and amending petition naming Imperial as an additional defendant in its capacity as insurer of Henry and alleging that the accident was caused by the combined fault of her husband and Officer Clark.

The matter proceeded to bench trial on June 13, 2007. The trial court issued written reasons for judgment on August 3, 2007, in which it concluded that Henry Fisher was solely at fault in causing the accident in which his wife was injured. The reasons indicated that judgment would be rendered in favor of Wanda Fisher and against Imperial, awarding her the general and special damages that she had proved at trial.

On September 5, 2007, Imperial filed an exception of prescription, which the trial court set for contradictory hearing. Wanda filed an opposition to the exception.

1

At the hearing on the exception, counsel for Imperial argued, citing La.Code Civ.P. art. 928,[1] that the trial court retained jurisdiction and could rule on the exception because no judgment had been signed in the matter. The trial court *refused to consider* the exception, however, insisting that it had rendered a decision and instructing counsel for Imperial to appeal the judgment once it was rendered and to file the exception with this court. The trial court "denied" the exception in open court.

A written judgment on the merits was rendered on December 4, 2007. A separate judgment denying Imperial's exception of prescription was rendered on December 17, 2007. Imperial timely filed a petition for suspensive appeal of the December 4, 2007 judgment. After the appeal was lodged, Imperial filed an exception of prescription in this court.

Louisiana Code of Civil Procedure Article 2163 provides, in pertinent part, that an appellate court may consider a peremptory exception filed for the first time in that court, if plead prior to submission of the case for decision, and if proof of the ground of the exception appears in the record. Because the trial judge refused to consider Imperial's exception based upon the fact that the case had already been submitted for decision, we will treat the exception as having been filed for the first time in this court, and we will consider the exception on the merits.

In its sole assignment of error, Imperial asserts that the trial court erred as a matter of law in denying its exception of prescription.

---

[1]Louisiana Code of Civil Procedure Article 928 provides, in pertinent part:

B. The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to submission of the case for a decision . . . .

2

## DISCUSSION

An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, a court of appeal may not reverse even though it is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

The law in Louisiana is clear that a timely filed suit against one joint tortfeasor interrupts prescription as to the remaining joint tortfeasors. *Gioustover v. Progressive Am. Ins. Co.*, 561 So.2d 961 (La.App. 4 Cir. 1990), *writ not considered*, 566 So.2d 973 (La.1990); La.Civ.Code art. 2324(C). "The law is equally clear that where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another joint tortfeasor, who is not timely sued, since no joint or solidary obligation exists." *Gioustover*, 561 So.2d at 964. *See also Martin v. City of Baton Rouge*, 00-896 (La.App. 1 Cir. 6/22/01), 858 So.2d 440.

Imperial asserts that Plaintiffs' claims against it are prescribed for the following reasons: (1) the motor vehicle accident in question occurred on August 22, 2005; (2) the original petition that was filed on September 2, 2005, named only the City as a defendant; (3) no claim or allegation of fault was asserted against Imperial or its insured, Henry, until August 28, 2006, when Wanda filed a first supplemental and amending petition naming Imperial as an additional defendant; and (4) the trial court ultimately found that the City had no liability in causing the accident and that Imperial's insured, Henry, was entirely at fault in causing the accident.

3

In its appellee brief, the City offers no argument against Imperial's assertion that Plaintiffs' claims against it have prescribed. Rather, it argues that the trial court's allocation of fault should not be disturbed on appeal because its factual findings have not been shown to be an abuse of discretion or manifestly erroneous.

A review of the reasons for judgment issued by the trial court discloses that the court went to great lengths to determine who was at fault in causing the subject accident. In fact, the trial judge personally visited the scene of the accident in order to determine which version of the accident, i.e., that of Plaintiffs or that of Officer Clark, should prevail. Ultimately, the trial court determined that Henry failed to see what he should have seen, thus causing the accident, and conversely, that Officer Clark was not at fault in causing the accident. We have thoroughly reviewed the record, including the evidence submitted in conjunction with the trial on the merits and the trial transcript, and we conclude that there is ample support for the trial court's factual conclusions.

In *Gioustover*, 561 So.2d 961, the passenger of a vehicle being driven by her mother filed suit against Donald Bonanno and Progressive American Insurance Company, the driver and insurer of the other vehicle involved in the accident. Those original defendants filed a third-party demand against Allstate Insurance Company, the mother's insurer, more than one year after the date of the accident, and five days later, the plaintiff filed a supplemental and amending petition naming Allstate as an additional principal defendant. Following a trial, the original defendants were found free of fault, and judgment was rendered in favor of the plaintiff and against Allstate. All of the plaintiff's claims against the original defendants were dismissed. The

4

plaintiff and her mother appealed, and Allstate filed an exception of prescription in the court of appeal.

The appellate court reviewed the evidence and testimony adduced at trial, along with the trial court's reasons for judgment, and concluded that there was no manifest error in the trial court's factual determination that the plaintiff's mother was solely at fault in causing the accident. Accordingly, the court of appeal affirmed the trial court's dismissal of the original defendants, Bonanno and Progressive. In addressing Allstate's exception of prescription, the court of appeal ruled that because no joint or solidary liability existed between Bonanno and the plaintiff's mother, prescription was not interrupted as to Allstate when suit was timely filed against Bonanno and Progressive. Thus, the court of appeal maintained Allstate's exception of prescription, reversed the trial court's judgment, and dismissed all of the plaintiff's claims against it.

This matter is on all fours with *Gioustover*. We agree with the trial court's factual determination that Officer Clark was free from fault in causing the accident. Accordingly, because there is no joint liability between Officer Clark and Henry, prescription was not interrupted as to Imperial when Plaintiffs filed suit against the City, Officer Clark's employer. Wanda Fisher's suit against Imperial was not filed until more than one year had elapsed since the date of the accident, and thus her claims against Imperial had prescribed. Accordingly, we maintain Imperial's exception of prescription, reverse the judgment of the trial court, and dismiss all claims against Imperial with prejudice. Plaintiff/appellee, Wanda Fisher, is cast with all costs of this appeal.

**EXCEPTION OF PRESCRIPTION GRANTED; JUDGMENT REVERSED.**