764 So.2d 1041 (2000)
Anica A. DOYLE, Leodell Jackson and Mellody A. Jackson
v.
MITSUBISHI MOTOR SALES OF AMERICA, INC., Mitsubishi Motors Corporation, Clifton C. Richard, and Allstate Insurance Company.
Albert O. Fisher and Marion P. Fisher
v.
Mitsubishi Motor Sales of America, Inc., Mitsubishi Motors Corporation, Clifton C. Richard, and Allstate Insurance Company.
Nos. 99 CA 0459, 99 CA 0460.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Writ Denied June 16, 2000.
*1042 William E. Crawford, Baton Rouge, for Appellants Defendant State of Louisiana through The Department of Transportation & Development.
Aub Ward, Michael C. Palmintier, Baton Rouge, for Appellees Anica A. Doyle, Leodell Jackson and Mellody A. Jackson, Albert O. Fisher and Marion P. Fisher.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, Judge.
In this appeal, a defendant seeks review of a trial court's granting of a partial summary judgment which found that the plaintiffs had established some, but not all, of the elements of a negligence liability claim. We are also asked to exercise our supervisory jurisdiction to review the trial court's denial of a peremptory exception raising the objection of prescription. Exercising our supervisory jurisdiction, we find the trial court correctly overruled the exception of prescription. We further find that this court lacks jurisdiction to review the partial summary judgment as it is not a final judgment subject to immediate appeal under La.Code Civ. P. art. 1915, and we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND
These lawsuits arise from a vehicular accident at the intersection of Patureau Lane and Louisiana Highway 75 in Iberville Parish. Around midnight on April 12, 1993, Mellody Jackson, Kimi Fisher and Tiffany Doyle left the Triangle Lounge in a 1988 Mitsubishi Mirage owned by Kimi Fisher. Mellody Jackson, who was driving, traveled along Patureau Lane towards Highway 75. A truck driven by Clifton Richard was travelling north on Highway 75. As Ms. Jackson pulled into the intersection to make a left-hand turn onto Highway 75, the rear of the Mitsubishi was struck by Mr. Richard's vehicle. The car burst into flames. Mr. Richard was able to pull Ms. Jackson from the burning vehicle, however, Ms. Fisher and Ms. Doyle were trapped in the vehicle and died in the fire.
*1043 On March 28, 1994, Mellody Jackson and her mother, Leodell Jackson, along with the mother of Tiffany Doyle filed a petition seeking damages in the 18th Judicial District Court against Mitsubishi Motor Sales of America, Inc., Mitsubishi Motors Corporation, Clifton Richard and Allstate Insurance Company, Mr. Richard's automobile liability insurer. A second suit was filed by the parents of Kimi Fisher against the same defendants on April 12, 1994. The suits were consolidated in the trial court.
In their respective petitions, plaintiffs alleged Mr. Richard was speeding and under the influence of alcohol at the time of the accident. They also alleged the vehicle was defectively designed. Plaintiffs averred Ms. Jackson stopped at the stop sign controlling traffic at the intersection and determined it was safe to proceed before entering the highway, unaware of the high rate of speed at which Mr. Richard was travelling.
In a deposition taken in connection with the lawsuit on November 28, 1995, Ms. Jackson stated that she came to a stop at the intersection just ahead of a stop sign located there. She acknowledged she could see a sign on the road with an arrow pointing to the Triangle Lounge. Ms. Jackson recalled that she looked to her right and saw a vehicle in the distance, but the headlights were a good distance away. She stated that while she was stopped at the stop sign, she could see both to her left and to her right on Highway 75, and there was nothing obstructing her vision.
In a second amending petition filed on January 3, 1997, plaintiffs named the State of Louisiana, Department of Transportation and Development (DOTD), the Parish of Iberville and the Iberville Parish Police Jury (referred to collectively as "Iberville Parish") as defendants. Through two amending petitions, plaintiffs alleged that private advertising signs had been placed on DOTD's right-of-way by Iberville Parish employees without DOTD's permission in violation of state law. They claimed the signs obstructed Ms. Jackson's vision, constituting a direct cause of the accident.
After filing the petition naming DOTD and Iberville Parish as defendants, plaintiffs settled with Mitsubishi, Mr. Richard and Allstate, and dismissed these defendants from the lawsuit.
DOTD and Iberville Parish filed a motion for summary judgment, relying principally on Ms. Jackson's earlier deposition testimony where she indicated nothing obstructed her vision before she entered Highway 75. Defendants contended that the existence and location of the signs therefore were not a cause-in-fact of the accident.
In opposition to the motion for summary judgment, plaintiffs filed the affidavit of Ms. Jackson in which she attested she was unfamiliar with the intersection. She stated that the sign did in fact partially block her view of traffic on Highway 75, and denied having seen the lights on the Richard vehicle prior to impact, indicating she had sufficient time to safely pull out in front of the headlights on the vehicle that she did in fact see. Plaintiffs also submitted an affidavit of an accident reconstruction expert who stated that from the data he reviewed, the measurements taken and the possible location of the vehicle Ms. Jackson was driving, it was possible that the sign blocked Ms. Jackson's view down Highway 75 for a distance of about 227 feet to 543 feet.
The trial judge denied the motion for summary judgment. DOTD and Iberville Parish filed a writ application contesting that ruling in this court, which was denied. Doyle v. Mitsubishi Motor Sales of America, 98-1342 (La.App. 1 Cir. 9/24/98). A writ application filed with the Supreme Court was also denied. Doyle v. Mitsubishi Motor Sales of America, 98-2708 (La.1/8/99), 735 So.2d 632.
In the trial court, plaintiffs filed a motion for partial summary judgment on the issue of DOTD and Iberville Parish's "negligence," claiming there was no genuine *1044 dispute as to the negligence of the defendants. In connection with the motion, plaintiffs submitted a statement of the following alleged "uncontested facts": (1) Iberville Parish employees placed 2 private advertising signs on the Highway 75 right-of-way; (2) DOTD is in charge of maintaining the right-of-way; (3) Iberville Parish did not have the state's permission to place the signs there; (4) DOTD had constructive notice of the existence of the signs; and (5) neither DOTD nor Iberville Parish took any action to remove the signs until after the accident occurred. In support of the motion, plaintiffs submitted portions of depositions of Iberville Parish employees indicating the signs were made in the police jury sign shop and were installed during working hours.
In opposition to the motion for partial summary judgment, DOTD and Iberville Parish urged that there were three disputed factual issues, precluding the grant of summary judgment, including: (1) whether the signs posed an unreasonable risk of harm; (2) whether the signs played a causative role in the accident; and (3) whether Iberville Parish employees were in the course and scope of their employment when they made and installed the signs.
The trial judge granted plaintiffs' motion for partial summary judgment, adopting plaintiffs' uncontested statement of facts and plaintiffs' memorandum in support of the motion as his own. The judge designated the judgment as a final judgment for the purpose of an immediate appeal pursuant to La.Code Civ. P. art. 1915, finding there was no just reason for delaying an appeal from the judgment.
DOTD and Iberville Parish appealed the granting of the partial motion for summary judgment.[1] In the trial court, DOTD filed a peremptory exception urging the objection of prescription. While this appeal was pending, the trial court overruled the prescription objection. DOTD filed a writ application with this court, seeking review of the prescription ruling.
On February 18, 2000, this court ordered that the writ application and the appeal of the grant of the motion for partial summary judgment be addressed together in the instant opinion.

PRESCRIPTION
We exercise our supervisory jurisdiction to review the correctness of the trial judge's denial of the exception of prescription. Under La. Civ.Code art. 3492, a tort action is subject to a prescriptive period of one year from the day the injury or the damage is sustained. Ordinarily, the burden is on the party raising the objection of prescription to prove the facts supporting the objection. If, however, the plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 3 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 464, cert denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998).
DOTD was added as a defendant over three years after the accident, and thus, plaintiffs' claims are prescribed on the face of the petition. Plaintiffs contend the filing of suit against Mitsubishi, Mr. Richard and Allstate interrupted prescription against DOTD under La. Civ.Code art. 3503, which provides that suit against one solidary obligor interrupts prescription against other solidary obligors. As plaintiffs did not put on any evidence in support of their claim that prescription has been interrupted, we shall look to the petitions to determine whether the facts stated *1045 therein, if accepted as true, sufficiently allege an interruption of prescription.
DOTD argues there is no solidarity among the original defendants and DOTD. First, DOTD argues that the amending petition set forth an entirely different set of facts from the first petition. In the suit filed against the original defendants, DOTD urges, there was no mention of a sight obstruction. In the suit against DOTD, there allegedly was a sight obstruction. DOTD insists it proved the alleged site obstruction serving as the basis of liability against it did not cause the accident, relying on Ms. Jackson's deposition testimony, which DOTD claims completely absolves it from any liability to plaintiffs. The absence of fault on its part precludes the finding of solidarity between DOTD and the original defendants, DOTD argues, and therefore, prescription on the claim against DOTD was never interrupted by the filing of the suit against the three original defendants.
We reject this argument. Whether there was a site obstruction that contributed to the accident is a question of fact to be decided on the merits of the case. DOTD has not, at this point, proven anything on the causation issue. The original and amending petitions involve the same accident, and both assert the defendants are at fault in causing that accident. Interruption of prescription against one joint tortfeasor interrupts prescription against all other joint tortfeasors. La. Civ.Code art. 2324C. Plaintiffs have alleged that the fault of all of these defendants caused the accident. Therefore, the timely filed suit against the original alleged tortfeasors interrupted prescription with respect to DOTD.
Next, DOTD contends plaintiffs' voluntary dismissal of the original defendants resulted in the loss of an interruption of prescription as to DOTD. In support of this argument, DOTD relies on La. Civ.Code art. 3463 which, at the time the prescription issue was ruled on by the trial court, stated:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit to trial.[2]
This article makes it clear that an interruption of prescription resulting from the proper filing of a suit continues so long as the suit is pending. The interruption of prescription resulting from the filing of the suit is lost when the plaintiff voluntarily dismisses the suit prior to trial.
However, dismissal of a particular defendant is not the same as the dismissal of the lawsuit. Miller v. One Shell Square, 619 So.2d 1096, 1097-1098 (La.App. 4th Cir.1993). At the time DOTD was added as a defendant, the lawsuit was pending against the original defendantsthere was nothing plaintiffs had done at that point to dismiss the lawsuit. As long as DOTD is in fact a joint tortfeasor, the filing of the suit against the original defendants interrupted prescription, and that interruption was not lost by plaintiffs' dismissal of the three original defendants. See Miller v. One Shell Square, 619 So.2d at 1098. If it were determined after a trial on the merits that the original defendants and DOTD were not joint tortfeasors, DOTD could then raise the peremptory exception of prescription. Accordingly, we find the trial court properly overruled the prescription objection at this stage of the proceeding.

PARTIAL SUMMARY JUDGMENT
It is undeniable that there is a material factual issue on the element of causation, *1046 thereby precluding the entry of summary judgment on the issue of DOTD's liability. The parties acknowledge that the trial judge did not rule on the disputed causation issue in rendering the partial summary judgment. Their arguments center on whether the trial court is authorized under La.Code Civ. P. art. 966 E to render a partial summary judgment deciding a tort plaintiff has established some, but not all, of the elements of a negligence liability claim. That provision states that "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case."
Plaintiffs argue that because negligence is a "particular theory", a trial court is empowered to rule on the issue of duty and breach thereof, and leave the causation question to be decided on the merits by the factfinder when granting a motion for summary judgment in favor of a tort plaintiff. DOTD contends, however, that this type of judgment is not authorized under the law. DOTD further submits that the trial court erred in rendering summary judgment on the issue of negligence because there was insufficient proof to establish DOTD's negligence and constructive notice of the condition.
This court, however, lacks jurisdiction to review the propriety of the trial court's ruling because it is not a "final" partial summary judgment. La.Code Civ. P. art. 1915 authorizes the immediate appeal of "final" partial judgments. The 1997 version of La.Code Civ. P. art. 1915, applicable to this case, provided, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand...the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for the delay.[3]
In 1997, by Act No. 483, the legislature made significant changes with respect to the appealability of partial judgments. In re Succession of Grimmett, 31,975, p. 4 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 30. Prior to the 1997 amendments, article 1915 dealt with the problem of identifying immediately appealable partial final judgments by setting forth exclusive classes of partial judgments which were immediately appealable. Id., 31,975, at pp. 2-4, 738 So.2d at 29-30. The 1997 amendments, patterned after Rule 54 of the Federal Rules of Civil Procedure, now require a certification procedure which must be met before a partial adjudication can become immediately appealable. Id., 31,975 at pp. 2-4, 738 So.2d at 29-30. Under article 1915, a partial summary judgment rendered by a trial court shall not constitute a *1047 final judgment subject to an immediate appeal unless designated as a final judgment by the trial court after an express determination that there is no just reason for the delay, or unless specifically agreed to by the parties. La.Code Civ. P. art. 1915 B(1).
The first determination a trial court must make in certifying a partial judgment as immediately appealable under article 1915 is finality. Mark Tatum and William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131, 157-158 (1998). A trial court's designation of a partial judgment as final, however, does not make that judgment immediately appealable. This court's appellate jurisdiction extends to "final judgments." La. Code Civ. P. art. 2083. A certification of a judgment as final by the trial court for the purposes of article 1915 is thus jurisdictional in nature, rather than discretionary. As this court is not bound by the trial judge's certification of the partial adjudication as final for the purpose of an immediate appeal, we shall determine finality de novo. See Davis v. Specialty Diving, Inc., 98-0458, p. 5 (La.App. 1 Cir. 4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/08/99), 750 So.2d 972; Clark v. United States, 624 F.2d 3, 4 (2nd Cir.1980); Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 302 (5th Cir.1978).
Under Louisiana law, a final judgment is one which determines the merits of a controversy, in whole or in part. La.Code Civ. P. art. 1841. Although article 1915 dispenses with finality in the sense of completion of the litigation, the judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment is entered. See McMunn v. Hertz Equipment Rental Corporation, 791 F.2d 88, 90 (7th Cir.1986). Furthermore, in determining whether a partial judgment is a final one for the purpose of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals. Banks v. State Farm Insurance Company, 30,868, p. 2 (La.App. 2 Cir. 3/5/98), 708 So.2d 523, 524.
In this case, plaintiffs' theory of DOTD's liability is negligence. In order to establish liability in a negligence case, a plaintiff must show that the defendant had a duty to conform its conduct to a specific standard, the defendant's conduct failed to conform to a specific standard, the defendant's substandard conduct was a cause of plaintiff's injuries, and the risk of harm was within the scope of the duty breached. Hoyt v. Wood/Chuck Chipper Corp., 92-1498, p. 4 (La.App. 1 Cir. 1/6/95), 651 So.2d 1344, 1349, writ denied, 95-0753 (La.5/19/95), 654 So.2d 695.
The partial summary judgment entered in this case is not a final judgment because it' does not determine the merits of the negligence claim, nor does it dispose of the negligence issues presented to the trial judge. In contrast, a judgment which determines liability, without deciding damages, is a final judgment because it resolves the liability issue. However, the judgment appealed from did not resolve the liability issue, which still must be determined at a trial on the merits in light of the disputed issue of causation. Allowing an immediate appeal from a judgment finding a plaintiff has met some, but not all, of the elements of a negligence liability claim only serves to encourage piecemeal adjudication and appeals, causing delay and judicial inefficiency. In re Chemical Release at Bogalusa, 98-1122, p. 1 (La. App. 1 Cir. 8/27/98), 718 So.2d 1015, 1016, writ granted in part on other grounds, 98-2505 (La.11/6/98), 726 So.2d 916. Therefore, we conclude the trial judge erred in certifying the judgment as a final one for the purpose of an immediate appeal under article 1915.
Because the partial judgment is not a final one, it may be revised at any time prior to rendition of the judgment adjudicating plaintiffs' negligence claim against DOTD. La.Code Civ. P. art. 1915 B(2). *1048 Both sides may therefore present evidence on the issue of DOTD's negligence, and any challenges to the correctness of the trial judge's liability determinations following the adjudication can be addressed by this court in a future appeal.

CONCLUSION
Based on the foregoing, DOTD's appeal of the summary judgment entered in favor of plaintiffs is dismissed for lack of appellate jurisdiction. The writ challenging the denial of the prescription exception is granted and the prescription exception is overruled. The case is remanded to the trial court to conduct proceedings not inconsistent with this decision. All costs of this appeal are to await a final judgment in this case.
WRIT GRANTED; RELIEF DENIED; APPEAL DISMISSED.
NOTES
[1] At oral argument, this court was apprised that plaintiffs have dismissed Iberville Parish as a defendant in the case. Accordingly, this opinion will address only DOTD's appeal and writ application.
[2] By Acts 1999, No. 1263 § 2, effective January 1, 2000, article 3463 was amended to add language setting forth that the interruption is considered never to have occurred if the plaintiff abandons or dismisses the action at any time either before the defendant has made any appearance of record or thereafter.
[3] By La. Acts 1999, No. 1263 § 1, Paragraph A(3) of article 1915 was amended to provide that a final judgment may be rendered which grants a motion for summary judgment, "but not including a summary judgment granted pursuant to Article 966(E)". That act also amended La. Civ.Code P. art.1911 to make it clear that final judgments rendered under Paragraph A of article 1915 are appealable without certification, whereas a partial final judgment rendered under Paragraph B of article 1915 must be designated as a final judgment to be appealable. The act expressly applies to actions filed on or before the January 1, 2000 effective date of the amendment. Therefore, we shall apply the 1997 version of article 1915 to this case.