897 So.2d 643 (2004)
Keith MARCHAND
v.
STATE FARM et al.
No. 2003 CA 2598.
Court of Appeal of Louisiana, First Circuit.
November 3, 2004.
Writ Denied February 4, 2005.
*644 Steve Joffrion, Prairieville, Counsel for Plaintiff-Appellant Keith Marchand.
S. Alfred Adams, Baton Rouge, Counsel for Defendant-Appellee Ascension Marine Tournaments, Inc.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GUIDRY, J.
Plaintiff appeals a judgment dismissing his claims against the sponsor of a fishing tournament at which the plaintiff was injured when the boat in which he was riding as a passenger collided with two other boats. Finding that the trial court committed legal error in dismissing the plaintiff's claims on the basis of prescription, we reverse.

FACTS AND PROCEDURAL HISTORY
On April 18, 2001, Keith Marchand filed a petition for damages claiming that he sustained serious injuries to his neck and back while participating in a fishing tournament on or about October 14, 2000, on Bayou Segnette in Jefferson Parish. In the petition, Marchand alleged that while riding as a passenger in a boat owned and operated by Jimmy Charbonnet, he was injured when a boat operated by Glen Lemoine and then subsequently a boat operated by James Moulder collided with the Charbonnet boat after the boats had entered a thick patch of fog. Marchand named Lemoine, Moulder, and State Farm Fire and Casualty Insurance Company (State Farm),[1] as the liability insurer of Lemoine and Moulder, as defendants in the petition. State Farm separately answered the petition as the insurer and on behalf of Moulder and Lemoine, respectively, generally denying all liability. In its answer as the insurer of Moulder, State Farm raised various affirmative defenses and further asserted third-party claims against Charbonnet and Progressive Security Insurance Company (Progressive), as the liability insurer of Charbonnet. As the insurer of Lemoine, State Farm only raised various affirmative defenses.
Thereafter, Marchand amended his petition on December 27, 2001, to name Charbonnet and Ascension Marine, Inc., as the alleged sponsor of the October 14, 2000 fishing tournament, as additional defendants in the suit. Ascension Marine, Inc. filed exceptions raising the objections of no cause of action, no right of action, and *645 prescription in response to the amended petition, based on the assertions: it neither promoted, sponsored, or conducted the fishing tournament in question; Marchand had signed a document waiving his right to pursue his claims; and Marchand's alleged claims against it were prescribed since suit was filed against it more than a year after the date of the accident.
On July 23, 2002, Marchand again amended his petition, this time to name Ascension Marine Team Tournaments, Inc. as defendant, alleging that Ascension Marine Team Tournaments, Inc. was liable as the sponsor of the fishing tournament and vicariously liable as the employer of Lemoine. On August 5, 2002, the trial court signed a judgment sustaining Ascension Marine, Inc.'s exception raising the objection of no cause of action and dismissed Marchand's claims against Ascension Marine, Inc. with prejudice. The trial court later signed an order dismissing with prejudice the third party and reconventional demands filed by State Farm and Progressive, respectively, on January 21, 2003, pursuant to the joint motion of the insurers. The trial court also signed a judgment dismissing with prejudice Marchand's claims against Lemoine, Moulder, State Farm, Charbonnet and Progressive on January 30, 2003.[2]
On April 22, 2003, Ascension Marine Team Tournaments, Inc. filed exceptions raising the objections of no cause of action, no right of action, and prescription and also moved for involuntary dismissal of Marchand's claims against it. The request for involuntary dismissal was based on the assertion that the supplemental and amending petition naming Ascension Marine Team Tournaments, Inc. as a defendant filed in July 2002 was not served until March 14, 2003, in violation of La. C.C.P. art. 1201(C). Following a hearing on the aforementioned exceptions and motion for involuntary dismissal, the trial court denied the exceptions raising the objections of no cause and no right of action; however, it sustained the exception urging the objection of prescription, thus pretermitting its decision on the request for involuntary dismissal, and dismissed Marchand's claims against Ascension Marine Tournaments, Inc.[3] with prejudice. Marchand filed a motion for new trial that was denied and this appeal followed.

ASSIGNMENTS OF ERROR
The sole assignment of error raised by Marchand in this appeal questions whether the trial court committed manifest error in sustaining the exception of prescription *646 where suit was timely filed against a joint tortfeasor and where there was the required identity for parties later substituted.

DISCUSSION
A tort claim is subject to a prescriptive period of one year from the day injury or damage is sustained. La. C.C. art. 3492. Louisiana Civil Code article 2324(C) states that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463.
In its reasons for judgment, the trial court found that Ascension Marine, Inc. was a wholly new defendant added to the suit and that the claims made against Ascension Marine, Inc. were unrelated to the claims asserted against the timely sued defendants, thus, Marchand's amendment of his petition to add Ascension Marine, Inc., and later, Ascension Marine Tournaments, Inc., as defendants more than a year after the accident giving rise to his claim was untimely. Most notably, the trial court found that the only basis for linking the claims against Ascension Marine, Inc. and Ascension Marine Tournaments, Inc. with those asserted against the timely sued defendants was based on the allegation that Lemoine, one of the timely sued defendants, was an employee of Ascension Marine, Inc. and/or Ascension Marine Tournaments, Inc. However, because the evidence introduced at the hearing proved that Lemoine was not an employee of either Ascension Marine, Inc. or Ascension Marine Tournaments, Inc., the trial court concluded that there was no basis for linking the claims against Ascension Marine, Inc. and Ascension Marine Tournaments, Inc. to those asserted against the timely sued defendants to defeat the exception urging prescription. A careful review of the record, however, indicates that the trial court erred in its conclusions.
Although Marchand did allege that Lemoine was "in the course and scope of his employment with, or was the agent of" Ascension Marine, Inc. and Ascension Marine Tournaments, Inc. in both the first and second supplemental and amending petitions, respectively, this was not the sole basis for Marchand's assertion of liability against those defendants. Marchand also alleged that Ascension Marine, Inc. and Ascension Marine Tournaments, Inc. were liable because they "sponsored the event in question without taking proper care and precaution to insure safe operation of tournament fishing boats in conditions of poor visibility, fog and adverse weather." Marchand further alleged in the respective petitions that the entities were liable based on their failure "to adequately supervise and direct" the tournament or "to use due diligence and care in the hiring and training of its employees in general." Marchand also prayed that "there be Judgment rendered herein in favor of your petitioner and against the defendants, jointly, solidarily and individually."
In Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338, this court held that pursuant to La. C.C. art. 2324(C), the timely filed suit against three defendants, served to interrupt prescription on the plaintiffs' claims against the Louisiana Department of Transportation and Development (DOTD), which was added as a defendant over three years after the accident giving rise to the plaintiffs' injury claim. Doyle, 99-0459 at 6, 764 So.2d at 1044. DOTD argued that it was a *647 wholly new defendant and that the claims made against it were based on facts entirely different from those alleged in the original, timely filed petition. In rejecting these arguments, a panel of this court held that because both "[t]he original and amending petitions involve the same accident, and both assert the defendants are at fault in causing that accident," suit timely filed against the defendants in the original petition served to interrupt prescription against DOTD. Doyle, 99-0459 at 6, 764 So.2d at 1045.
Similarly, in the matter before us, both the original and amending petitions involve the same accident and assert that the named defendants were jointly at fault in causing the accident. Accordingly, pursuant to La. C.C. art. 2324(C), we find that the timely filed petition against Lemoine, Moulder, and State Farm served to interrupt prescription on the claims asserted against Ascension Marine, Inc. and Ascension Marine Tournaments, Inc. See also Perkins v. Willie, 03-0126, p. 6 (La.App. 1st Cir.4/2/04), 878 So.2d 574, 578.

CONCLUSION
Having found that prescription was interrupted pursuant to La. C.C. art. 2324(C), we reverse the judgment of the trial court sustaining the exception raising the objection of prescription and dismissing Marchand's suit against Ascension Marine Tournaments, Inc. Costs of this appeal are assessed to the appellee, Ascension Marine Tournaments, Inc.
REVERSED AND REMANDED.
MCCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs.
I agree with the majority that prescription was interrupted pursuant to LSA-C.C. art. 2324 C, based on the allegation of joint and solidarity liability. I further find that the substitution of Ascension Marine Tournaments, Inc. for Ascension Marine, Inc. meets all the requirements set forth by the Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), such that said substitution relates back to the original filing naming Ascension Marine, Inc. See LSA-C.C.P. art. 1153. The amendment arose out of the same transaction and occurrence as set forth in the original pleading; the substitute defendant had notice of the institution of the action, such that it would not be prejudiced in maintaining a defense; the substitute defendant knew or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it; and finally, the substitute defendant was not a wholly new or unrelated defendant. Therefore, I agree with the result reached by the majority.
NOTES
[1] State Farm is actually incorrectly named in Marchand's pleadings as simply "State Farm Insurance Company," but it nevertheless answered the petition noting and correcting the misidentification.
[2] On March 22, 2002, a joint motion was filed requesting that the trial court dismiss Marchand's claims against Lemoine, Moulder, and State Farm with prejudice based on a compromise reached by the parties. It is assumed that this judgment stems in part from this motion.
[3] As noted, the trial court pretermitted deciding the motion for involuntary dismissal. We further observe that none of the parties raise as an issue the fact that the August 12, 2003 judgment refers alternatively to Ascension Marine Tournament, Inc. and Ascension Marine Tournaments, Inc. or that the pleadings have not been further amended to correctly name as a defendant Ascension Marine Tournaments, Inc. in place of Ascension Marine Team Tournaments, Inc., a non-entity. However, counsel for Ascension Marine Tournaments, Inc., who supplied the incorrect name to Marchand for the purpose of filing the second amended petition, identifies his client as Ascension Marine Team Tournaments, Inc. in his brief on appeal and actual service was made on Ascension Marine Tournaments, Inc., so there is no showing of lack of notice or prejudice to Ascension Marine Tournaments, Inc. See La. C.C.P. art. 1153; Ray v. Alexandria Mall, 434 So.2d 1083, 1086-1087 (La.1983). Hereinafter, we shall simply refer to the appellee as Ascension Marine Tournaments, Inc.