# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-1386

KENNETH J. POTTS (NOW DECEASED), ET AL.

VERSUS

THE ESTATE OF WAYNE A. GUIDRY, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-208-94
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

Elizabeth Brooks Hollins
Louisiana Department of Justice
901 Lakeshore Dr. #820
Lake Charles, LA 70601
(337) 491-2844
Counsel for Defendant-Appellee:
 State  of Louisiana

Larry Arlen Roach, Jr.
Attorney at Law
2917 Ryan St.
Lake Charles, LA 70601
(337) 433-8504
Counsel for Plaintiff-Appellant:
 Kenneth J. Potts (Now Deceased)
Substitute Parties Plaintiff:
 Tiffany Potts, Individually and on  behalf of her minor children, Laikyn
 Potts and Kassidi Potts

**Pickett, Judge.**

The heirs of Kenneth Potts appeal a judgment of the trial court sustaining an exception of prescription raised by the Louisiana Department of Transportation and Development and dismissing the suit against DOTD with prejudice. For the following reasons, we reverse.

STATEMENT OF THE CASE

Kenneth Potts sustained injuries in a motor vehicle accident on March 25, 1993. Potts was a passenger in a vehicle driven by Wayne Guidry at the time of the accident. Guidry died as a result of the accident. On March 25, 1994, Potts filed suit against Guidry and his insurer, Trinity Universal Insurance Company of Kansas, Inc. (Trinity). Potts filed a supplemental and amending petition on January 24, 1995, naming DOTD as a defendant. Trinity answered the petition on February 14, 1995. DOTD answered the petition on August 1, 1995. The Estate of Wayne Guidry never answered the petition or made any appearance. Potts subsequently settled with Trinity, and Potts moved for the dismissal with prejudice of Guidry, the Estate of Wayne Guidry, and Trinity. The trial court signed an order dismissing those defendants on July 28, 2003. The order reserved the right of Potts to pursue all claims asserted against any other defendants.

On September 23, 2003, DOTD filed an Exception of Prescription. The trial court heard arguments on the exception on May 25, 2004, and issued written Reasons for Judgment on June 23, 2004, in which it granted the exception. The trial court issued a judgment on July 6, 2004, granting the exception of prescription and dismissing DOTD with prejudice.

1

On August 8, 2004, Kenneth Potts committed suicide. Thus, his wife, Tiffany Potts, individually and on behalf of her minor children, Laikyn and Kassidi, who were the issue of the marriage of Tiffany and Kenneth, was substituted as the plaintiff in this matter. She now appeals the judgment of the trial court dismissing DOTD.

## ASSIGNMENTS OF ERROR

The appellant, Tiffany Potts, asserts one assignment of error:

1.  The Trial Court erred in granting the State of Louisiana Department of Transportation and Development's Exception of Prescription and dismissing the claims of Kenneth J. Potts against the State of Louisiana Department of Transportation and Development with prejudice.

## DISCUSSION

This court discussed the standard of appellate review in reviewing a judgment granting a peremptory exception of prescription in *Hall v. Reber*, 03-1482, p.3 (La.App. 3 Cir. 3/31/04), 870 So.2d 424, 426, *writ denied*, 04-1012 (La. 6/18/04), 876 So.2d 809:

> In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Morrison v. C.A. Guidry Produce*, 03-307 (La.App. 3 Cir. 10/1/03), 856 So.2d 1222. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.'" *Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc.*, 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *Louisiana Health Serv. v. Tarver*, 635 So.2d 1090, 1098 (La.1994)).

The trial court found that the original suit against the Estate and Trinity interrupted prescription with respect to DOTD pursuant to La.Civ.Code arts. 2324(C) and 3463 because DOTD was a joint tortfeasor with the Estate. Article 2324(C) states:

> Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

Article 3463 states:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

The trial court further found that while the Estate was solidarily liable with DOTD, Trinity was not a solidary obligor with DOTD because their obligations arose from different sources. Thus, when Potts settled with Trinity and dismissed the Estate and Trinity from the suit before the Estate ever answered the petition, that acted as a voluntary dismissal of the Estate. The dismissal of the only defendant who was solidarily liable with DOTD before that defendant ever made an appearance was held by the trial court to result in prescription never having been interrupted. According to the trial court's reasoning, when Potts added DOTD as a defendant in 1995, the suit was not timely filed.

The appellant cites *Doyle v. Mitsibushi Motor Sales of America, Inc.*, 99-459, 99-460 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, *writ denied*, 00-1265 (La. 6/16/00), 765 So.2d 338, to support their argument. In that case, the plaintiffs timely filed suit against a car manufacturer and the driver of another vehicle after their relatives were killed in a car accident. The plaintiffs filed a supplemental petition adding DOTD as a defendant four years after the accident. Later, the plaintiffs settled with the original defendants, who were dismissed from the suit. DOTD then filed an exception of prescription, alleging the voluntary dismissal of the original defendants meant the supplemental petition could no longer relate back to the original petition for purposes of prescription. The trial court overruled DOTD's exception. The First Circuit Court

3

of Appeal denied writs on this issue citing La.Civ.Code art. 2324(C). That court specifically noted that "interruption was not lost by plaintiffs' dismissal of the three original defendants." *Doyle*, 764 So.2d at 1045 (*citing Miller v. One Shell Square*, 619 So.2d 1096 (La.App. 4 Cir.1993)).

The only distinction between *Doyle* and the matter before us is that the defendant with whom DOTD is solidarily liable was dismissed before filing an answer. The appellant urges that Article 3463 requires the voluntary dismissal of the **action** before the defendant has made an appearance or thereafter, not the dismissal of a defendant. We agree. We note the language concerning when the dismissal occurs is irrelevant, because it encompasses an infinite time. The key phrase is "voluntarily dismisses the action." We agree with the first circuit's reasoning in *Doyle*. The dismissal of a defendant, whether or not they have answered the suit, does not dismiss the action. We find the trial court erred in granting DOTD's exception of prescription. That ruling is reversed, and this matter is remanded for further proceedings.

**REVERSED AND REMANDED.**