McDonald, j.
I Jn this case, the plaintiff, Patrick Fa-bre, worked as a corrections deputy at the West Baton Rouge Parish Correctional Center. On April 25, 2012, Mr. Fabre filed a petition for damages, naming as defendants the West Baton Rouge Parish *672 Council, the Parish of West Baton Rouge, and Travelers Indemnity Company, liability insurer for West Baton Rouge Parish. Mr. Fabre asserted that on May 8, 2011, he was conducting a security check near dorms F and G when he slipped on several substances, fell, and was injured. Mr. Fabre maintained that defendants knew or should have known of the substances on the floor, but failed to exercise reasonable care to remove and warn of the hazard, and that he suffered painful and disabling injuries from the fall. He prayed for damages for physical pain and suffering, mental pain, anguish, and distress, medical expenses, physical disabilities and impairment, loss of enjoyment of life, lost income, and loss of earning capacity.
The defendants answered the petition, generally denied the allegations, and further, asserted that the accident was caused partially or wholly by the negligence and fault of Mr. Fabre. The defendants maintained that they only provided funding for the West Baton Rouge Parish Detention Center, and were not liable for the actions of the sheriff or his deputies, and that they were immune from suit for the actions of the West Baton Rouge Sheriff or his deputies. Defendants also pled the limitation on damages in La. R.S. 13:5106; invoked the statutory privilege of La. R.S. 13:5105 prohibiting trial by jury; pled the limitation on legal interest and court costs in accordance with La. R.S. 13:5112; pled the right to have any judgment awarding plaintiffs damages structured in accordance with La. R.S. 13:5114; and further, affirmatively pled the limitations of liability for public bodies under La. |sR.S. 9:2798.1 and 9:2800.
Additionally, the defendants filed a peremptory exception raising the objection of no cause of action, asserting that the suit should be dismissed because West Baton Rouge Parish was not responsible for overseeing the West Baton Rouge Parish Detention Center or for setting policies and procedures for its operation.
Thereafter, Mr. Fabre filed a motion for partial summary judgment asserting that the West Baton Rouge Parish Council owned the facility where he was injured, the premises were defective and constituted an unreasonable harm which was preventable, and the West Baton Rouge Parish Council, through its employee Dean Gentile, had actual or constructive knowledge of the unreasonably dangerous condition that caused his injury. West Baton Rouge Parish and St. Paul Fire and Marine Insurance Company[1] filed a motion for summary judgment asking that the suit be dismissed.
On February 27, 2013, the district court signed a judgment granting Mr. Fabre’s motion for summary judgment, finding West Baton Rouge Parish and the West Baton Rouge Parish Sheriff’s Office solidarity liable for Mr. Fabre’s injuries, “assuming causation and damages can be proven.” On March 28, 2013, the district court signed an amended judgment granting Mr. Fabre’s motion for summary judgment, finding liability (but omitting soli-dary liability language contained in the original judgment) against the West Baton Rouge Council, the Parish of West Baton Rouge, and St. Paul Fire and Marine Insurance Company, and denying the defendants’ motion for summary judgment. The defendants filed an application for 14supervisory writs challenging the denial of their motion for summary judgment. The defendants also appealed the judg *673 ment insofar as it granted Mr. Fabre’s motion for summary judgment.
The defendants’ writ application was later referred to the merits by an interim order of this court. Patrick Fabre v. West Baton Rouge Parish Coun[sel] and the Parish of West Baton Rouge, 2013-0551 (La.App. 1 Cir. 6/20/13).
On October 29, 2013, this court issued a rule to show cause order, noting that the district court rulings appeared to state that the summary judgment was granted, but failed to state the specific relief awarded. On November 8, 2013, the district court signed a second amended judgment that provides:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiffs Motion for Partial Summary Judgment on the Issue of Liability is GRANTED in favor of the plaintiff, Patrick Fabre, and against the defendants, the West Baton Rouge Parish Council, the Parish of West Baton Rouge, and St. Paul Fire and Marine Insurance Company, making the defendants liable for the plaintiffs injuries.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendants’ Motion for Summary Judgment seeking a dismissal for there being no liability to the plaintiff is DENIED.
IT IS FURTHER, ORDERED, ADJUDGED, AND DECREED, that there is no just reason for delay and this judgment is final and appealable.
Thereafter, this court maintained the appeal, noting that “the propriety of the La. Code Civ. P. art. 1915(B) designation is ultimately reserved for the panel to which the appeal is assigned.” Patrick Fabre vs. West Baton Rouge Parish Council and Parish of West Baton Rouge, 2013-1652 (La.App. 1 Cir. 2/27/14) (unpublished order).
| ^Louisiana Code of Civil Procedure article 1915(B)(1) provides:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
The judgment finding liability on the part of the defendants, and declaring the judgment to be final and appealable, is a final and appealable judgment. See Doyle v. Mitsubishi Motor Sales of America, Inc., 1999-0459 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, 1047, writ denied, 2000-1265 (La.6/16/00), 765 So.2d 338. We therefore proceed to the merits of the appeal.
THE ASSIGNMENTS OF ERROR
The defendants make the following assignments of error on appeal:
1. The trial court committed legal error when it held the Parish defendants liable for Mr. Fabre’s injuries in contravention of Louisiana law which limits the defendants’ duty to providfe] funding for the parish jail and places all responsibility for the daily operations and upkeep of the facility on the West Baton Rouge Parish Sheriff as the jail’s custodian.
2. The trial court erred by entering partial summary judgment, holding the Parish defendants liable, without resolving the factual dispute of the plaintiffs comparative fault.
3. The trial court erred by entering partial summary judgment, holding the Parish defendants liable, without resolv *674 ing the factual dispute of the comparative fault of the West Baton Rouge Parish Sheriff, as Mr. Fabre’s employer and as custodian of the jail where Mr. Fabre was injured.
THE WRIT APPLICATION
The defendants, in their writ application challenging the denial of their motion for summary judgment, assert that the sheriff has the sole responsibility for the cleanliness of the jail floors and that the district court erred in finding that defendants are liable for Mr. Fabre’s fall.
| (¡THE STANDARD OF REVIEW
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Janney v. Pearce, 2009-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078.
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to - establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue 17of material fact. La. C.C.P. art. 966(C)(2).[2]
ASSIGNMENT OF ERROR NO. 1 AND THE WRIT APPLICATION
Assignment of error number one and the writ application address the same issues. The defendants assert that the sheriff has the sole responsibility for the cleanliness of the jail floors and that the district court erred in finding that the defendants are liable for Mr. Fabre’s fall. Mr. Fabre asserts that the defendants are liable for his injuries because they retained custody of the prison, the prison was a cause-in-fact of his injuries, and the prison presented an unreasonable risk of harm.
The defendants assert that they only had the duty to keep the building in good *675 condition and to provide financially for routine maintenance of the facility. Defendants maintain that while a parish employee, Dean Gentile, performs building maintenance and repairs at the jail, such as fixing faulty plumbing, replacing ceiling tiles, changing light bulbs, and maintaining the air conditioning and heating systems, Mr. Gentile’s sole purpose at the jail is building maintenance, not janitorial work. The defendants note that Mr. Fabre’s complaint is not about the actual condition of the building, but rather, is about a mess created by inmates for which the sheriff and his employees, including Mr. Fabre, are responsible. Mr. Fabre states in his brief that the messy condition was created by the “routine 18practice of stacking trays after meals.”
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1.
Each sheriff shall be the keeper of the public jail of his parish. La. R.S. 15:704. The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. La. R.S. 15:702. While the police jury must provide financially for the maintenance of the jail, the sheriff has the responsibility for operations. Gorton v. Ouachita Parish Police Jury, 35,432 (La.App. 2 Cir. 4/3/02) 814 So.2d 95, 104, writs denied, 2002-1261, 1273 (La.8/30/02), 823 So.2d 950, 952. In Gorton, a deputy sheriff filed suit against the Ouachita Parish Sheriffs Office and the Ouachita Parish Policy Jury for injuries she sustained when she slipped and fell on a wet terrazzo floor outside her office at the parish jail. The Second Circuit found that while the police jury owned the jail, it did not possess or have- custody of the facility; thus, the trial court correctly found that there was no “ruin” for which to hold the police jury liable. Id.
In this present case, the Warden of the West Baton Rouge Parish Detention Center, Major Bryan Bellelo, stated in his affidavit that “[jjanitorial services at the Parish Jail are performed and provided by inmate trustees who are supervised by Sheriff Department correctional officers. The hallways at the Parish Jail are swept and mopped a minimum of three (3) times a day, once after each meal. Meals are served at approximately 5:30 a.m. for breakfast, 11:30 a.m. for lunch, and 5:30 p.m. for dinner.” Warden Bellelo’s affidavit further states:
| flSheriff Department employees fill out “work orders” for building maintenance problems and issues at the jail and the work orders are forwarded to Dean Gentile. Dean Gentile performs the building maintenance items listed in the work orders. Examples of building maintenance performed by Dean Gentile pursuant to the work orders are changing light bulbs, fixing mechanical door locks, plumbing problems and electrical problems. Inmate Trustees are assigned to assist Dean Gentile when needed. Dean Gentile does not and has never performed or been responsible for janitorial duties (sweeping or mopping) at the Parish Jail.
We find that Mr. Fabre’s complaint is not about the actual condition of the building, but rather, is about a mess created by inmates routinely stacking food trays. We find that the affidavit of Warden Bellelo, together with the pleadings, depositions, answers to interrogatories, and admissions, and the other affidavits admitted for *676 purposes of the motion for summary judgment, show that there is no genuine issue of material fact that the defendants are not responsible for janitorial duties at the Parish Prison. Therefore, we grant the motion for summary judgment in favor of the defendants. We need not address assignments of error numbers two and three.
Therefore, for the foregoing reasons, the partial summary judgment is reversed, the writ is granted, and judgment is rendered granting the motion for summary judgment in favor of the defendants and dismissing the suit. Costs are assessed against the plaintiff-appellee, Patrick Fa-bre.
IN 2013 CA 1652, PARTIAL SUMMARY JUDGMENT REVERSED. IN 2013 CW 0551, WRIT GRANTED, SUMMARY JUDGMENT RENDERED.

. We note that St. Paul Fire and Marine Insurance Company is a subsidiary of Travelers Insurance Company.

. We note that La. C.C.P. art. 966 has been amended several times since 2010. Prior to Acts 2012, No. 257, § 1, La. C.C.P. art. 966(B) read in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis added.)
Thus, under the prior version of La. C.C.P. art. 966, pleadings, depositions, answers to interrogatories, admissions, and affidavits that had been filed into the record could be considered. Now, the court can only consider those items if they are filed with the motion. This is a major change in the law.